IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | | |
|---|---|---|
| TRUSTEES OF CONSTRUCTION INDUSTRY WELFARE FUND OF CENTRAL ILLINOIS, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | NO. 17-cv-2020 |
| ABSOLUTE MASONRY, INC., an Illinois corporation, | ) ) ) ) | JUDGE COLIN S. BRUCE MAGISTRATE JUDGE ERIC I. LONG |
| Defendant. | ) | |

## MOTION FOR DEFAULT JUDGMENT

Plaintiff, by and through its attorneys, default having been entered against the Defendant on March 6, 2017, request this Court enter judgment against Defendant, ABSOLUTE MASONRy, INC. In support of that Motion, Plaintiff is submitting a Memorandum in Support and the Affidavits of Jill Kunkel and Catherine M. Chapman.

1. On March 6, 2017, this Court entered default against Defendant and ordered Plaintiff to file a motion for default judgment with this Court within 21 days.

2. Defendant submitted its monthly contribution reports to the Plaintiffs identifying employees of the Defendant who performed work covered by the collective bargaining agreement, and the number of hours worked by or paid to those employees for the months of July 2016 through September 2016.  Defendant failed to submit the contributions due pursuant to these reports in the total amount of $10,396.00. (See Affidavit of Jill Kunkel, ¶3 attached as Exhibit A to Plaintiff's Memorandum in Support).

3. Because Defendant failed to submit payment of the contributions due and owing for July 2016 through September 2016, pursuant to the Trust Agreement, liquidated damages and interest have been against the Defendant on all contributions due and unpaid, for the months of July 2016 through September 2016, in the total amount of $1,665.44. (Kunkel Aff. ¶ 3).

4. In addition, Defendant untimely remitted payment of its contributions due for April 2016 through June 2016. Accordingly, liquidated damages and interest have been assessed against the Defendant for the stated months in the total amount of $521.32. (Kunkel Aff. ¶ 3).

5. Additional amounts may be due from Defendant based on Defendant's failure to file monthly remittance reports for the period October 2016 to the present.

6. In addition, Plaintiffs' firm has expended the amount of $421.00 in costs and $1,004.50 in attorneys' fees, for a total of $1,425.50, in this matter. (Chapman Aff., ¶ 9 attached as Exhibit B to Plaintiff's Memorandum in Support).

7. Based upon the documents attached hereto, Plaintiff requests that the Court enter judgment in the total amount of $14,008.26, and further order Defendant to submit its monthly remittance reports for the months of October 2016 through February 2017, with payment, within 30 days.

WHEREFORE, for the reasons set forth in its Memorandum in Support, Plaintiff is requesting that judgment be entered as to liability at this time. Plaintiff requests that this Court grant its motion and enter judgment against Defendant, Absolute Masonry, Inc., for all unpaid contributions, liquidated damages, interest, court costs and attorneys' fees currently known to be due, and further ordering Defendant to submit, within 30 days of the date of the judgment order, its

completed monthly remittance reports for the period of October 2016 through February 2017, along with any amounts due thereon.

Plaintiff further requests: (a) an order directing Defendant to perform all of its obligations under the collective bargaining agreement and Trust Agreement, including, without limitation, filing complete, proper and timely contribution reports with payment for each month going forward after the date of this default judgment; (b) leave to reopen this case upon motion to the Court and notice to Defendant to seek further appropriate monetary and/or injunctive relief in the event Defendant fails to comply with the order; (c) leave to file supplemental proofs establishing the amount of contributions determined to be due and owing for October 2016 through February 2017, as well as the liquidated damages, interest, audit costs, court costs and attorneys' fees to which Plaintiff is entitled under its Trust Agreement and ERISA, and to seek an amended judgment based upon such supplemental proofs; and (d) an award of post-judgment attorneys' fees and costs incurred in connection with this case until all terms of the default judgment order are satisfied by Defendant.

/s/   Patrick N. Ryan

Patrick N. Ryan
Attorney for Plaintiff
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6278364
Telephone: 312/216-2577
Telefax: 312/236-0241
E-Mail: pryan@baumsigman.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record, hereby certifies that he electronically filed the foregoing document (Motion for Default Judgment) with the Clerk of Court using the CM/ECF system, and further certifies that I have mailed the above-referenced document by United States Mail to the following non-CM/ECF participant on or before the hour of 5:00 p.m. this 23rd day of March 2017:

>Mr. William P. Streeter, Registered Agent
>Absolute Masonry, Inc.
>401 Main Street, Suite 1400
>Peoria Heights, IL   61602

>/s/   Patrick N. Ryan

>Patrick N. Ryan
>Attorney for Plaintiff
>BAUM SIGMAN AUERBACH & NEUMAN, LTD.
>200 West Adams Street, Suite 2200
>Chicago, IL  60606-5231
>Bar No.: 6278364
>Telephone: 312/216-2573
>Facsimile: 312/236-0241
>E-Mail: pryan@baumsigman.com

I:\CIW\Absolute Masonry\motion for default judgment.pnr.df.wpd